IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BLUE WAVE TECH CORP., et al.** <br><br> Appellants, <br><br> v. <br><br> **CARIBBEAN TOWER SITES, LLC,** <br><br> Appellee. | **CIVIL NO. 15-1312 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Appellants Blue Wave Tech Corp. and its president, Brian Safreed, appeal from the bankruptcy court's orders requiring them to pay for the attorney's fees incurred by the appellee, Caribbean Tower Sites, LLC, in securing appellants' compliance with previous court orders and discovery obligations. For the reasons that follow, the orders are affirmed.

## I.    BACKGROUND[1]

This is an action formerly and currently pending before the Carolina Part of the Court of First Instance of Puerto Rico.[2] The case was removed to the bankruptcy court as an adversary proceeding (14-ap-199 (MCF)), in relation to the bankruptcy case filed by Blue Wave Tech Corp. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.[3]

---

[1] Unless otherwise indicated, the docket numbers included in this section correspond to the bankruptcy court record of the adversary proceeding.

[2] That is, Insite Wireless Group, LLC; Caribbean Tower Sites LLC v. Brian Safreed, currently Civil No. FPE-2013-058 (402). The debtor was included as a co-defendant in this case in an Amended Complaint. See, Docket No. 1-1, Verified Notice of Removal at ¶ 4.

[3] Blue Wave's bankruptcy petition was filed under Case No. 14-6932(MCF).

Before removal, the state court had established a discovery schedule pursuant to which the depositions of Mr. Safreed and appellee's President, Mr. John Campbell, would be taken on September 25 and 26, 2014 (Docket No. 9, Exh. 1 at ¶ 6). Following removal, appellee filed an urgent motion complaining about appellants' failure to comply with the discovery schedule set by the state court -including attendance to the scheduled depositions- leading the bankruptcy court to issue an Order for appellants to immediately comply with the discovery schedule set by state court (Docket No. 21).[4] Appellants disagreed with the court's order, filing a motion for reconsideration, which the bankruptcy court denied, specifically ordering them to appear at the depositions (Docket Nos. 22 and 23, respectively) (Docket No. 23).[5]

On September 24, 2014, appellants filed two additional motions for reconsideration, claiming, among other things, that Blue Wave's president, Safreed, had just learned about the court's decision to adopt the discovery schedule and on that basis, was unable to comply with it (Docket Nos. 24 and 26). Additionally, they requested a modification of the discovery schedule to postpone "for only a few weeks the depositions scheduled for tomorrow and Friday" (Docket No. 26 at ¶ 5).

On September 25, 2015, appellants filed an "Urgent Joint Motion Proposing the Depositions Scheduled for this Week be Rescheduled for Next Week" (Docket No. 31), alleging

---

[4] In the urgent detailed motion, appellee explained it had been trying to depose defendant Safreed and obtain essential information for the prosecution of the case since the filing of the original complaint in state court (Docket No. 9). It added, that Safreed had been successful in postponing his deposition and avoiding producing information required for an order of attachment to secure the effectiveness of a future judgment (being "the last and boldest attempt to postpone and delay producing the information Caribbean need[ed] to make him pay for his malicious and unlawful acts," the removal of this litigation as an adversary proceeding). Id. at p. 3. Before filing the motion, appellee made several requests to have appellants to comply with their pending discovery obligations but they had refused to confirm their attendance to the depositions, which had been rescheduled twice already at the time the urgent motion was filed.

[5] Additionally, it stated that pursuant to Rule 9027(i), "[a]ll injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court"(Docket No. 23).

that Safreed was in North Carolina, unable to attend the depositions. Id. at ¶ 3.[6] That same day, the bankruptcy court held a Telephone Conference, during which it (1) ordered that the deposition of Mr. Campbell be conducted on September 29, 2014 and the deposition of Mr. Safreed on September 30. 2014; (2) provided that "the travel expenses incurred by Mr. Campbell will be reimbursed by the Debtor;" and (3) granted appellee a term to file a detailed motion for the reimbursement of expenses and attorney's fees, allowing 14 days for objections (Docket No. 34).[7]

On October 6, 2014, appellee filed a "Motion for the Reimbursement of Expenses and Attorney's Fees Incurred in Connection with the Continuation of Discovery and the Rescheduling of Depositions," detailing the additional expenses incurred by Mr. Campbell for hotel accommodations, transportation and meals due to the rescheduling of the depositions (totaling $1,480.00) and requesting reimbursement of $8,330.00 in reasonable attorney's fees incurred in procuring compliance with the discovery schedule (Docket No. 37).[8]

---

[6] As part of the motion, appellants stated they were willing to pay the reasonable expenses that the short postponement can carry. Id. at ¶ 5.

[7] In considering the record on appeal, the court heard the "audio file attachment" of the telephone conference Docket No. 35).  The bankruptcy court had an extensive conference during which it heard, among others, (i) the parties' extensive discussion in support of their respective positions; (ii) appellee's efforts to have appellants comply with the discovery scheduled established by the state court; (iii) appellants' impression that discovery in the adversary proceeding was not going to be conducted following the pre-removal discovery schedule; (iv) appellants' reading of Rule 9027(i) as used by the court in support of its order at Docket No. 23; and (v) the availability of both Mr. Campbell and Mr. Safreed to attend to the pending depositions.  Upon consideration of these matters, the bankruptcy court explained that, according to her judicial philosophy, once a case is removed, the deadlines and rulings set by the state court are respected. It further clarified that her ruling is supported by bankruptcy authority (Collier's) which recognizes that, contrary to appellants' position, Rule 9027 does not refer exclusively to injunctions, but to any state court order.  The court also noted the deadlines included in the discovery schedule resulted from a hearing in state court, with all parties present and were set based on the parties' agreement.  As such, the bankruptcy court decided to adhere to those deadlines. However, it granted a short extension for the depositions to be conducted on September 29 and 30, 2014.  The court also ordered appellants to pay for all reasonable expenses incurred by appellee's president because of the rescheduling of the depositions, and granted a term to submit a motion detailing those expenses so that the court could rule on the matter.  At the hearing, appellee's attorney requested attorney's fees associated with his client's efforts to ensure compliance with discovery, to which appellants responded that he could file any motion as to that and they will respond.  The bankruptcy court explained that it would consider such request in due course.  However, at that juncture, it understood that some attorney's fees were appropriate, and urged the parties to engage in a good faith efforts to resolve all other discovery issues and try to move along in civility to conduct those depositions.

[8] This amount corresponds to 29 hours for attorney Miguel J. Rodriguez-Marxuach at a rate of $210.00 per hour and 16 hours for attorney Mónica Echevarria-Garcia, at a rate of $140.00 per hour (Docket No. 37 at ¶ 7).

Appellants, however, opposed appellee's motion (Docket No. 38). Appellee replied, submitting a redacted copy of the invoice submitted by its attorneys, evidencing the time devoted to procure appellant's compliance with the discovery schedule, and copy of the receipts for Mr. Campbell's hotel accommodations, transportation and meals, which had not been available at the time the original request for attorneys' fees was filed (Docket No. 39). Appellants sur-replied (Docket No. 43).

On November 13, 2014, the bankruptcy court held a Status Conference to discuss several matters including appellee's request for reimbursement of travel expenses and attorney's fees (Docket No. 47).[9] At the hearing, the court approved a partial reimbursement of transportation, hotel accommodations and meals, ordering appellee to "file a detailed explanation of the request for reimbursement of travel expenses" and "a motion under seal including the un-redacted invoices for the payment of attorney's fees," which appellee filed on November 20, 2014 (Docket No. 52).[10]

On January 23, 2014, upon examination of the documents submitted, the bankruptcy court authorized "the reimbursement of $7,630 in attorney's fees and $404 in airfare expenses to be paid

---

[9] In evaluating the record on appeal, this court heard the "audio file attachment" of the status conference (Docket No. 45). At the conference, among other things, the parties were passionately committed to their respective positions. As such, they required the court's intervention to resolve the matter pertaining to the reimbursement of reasonable expenses and attorney's fees. As to the attorney's fees, it was appellants' position that the amount requested was excessive and some portions of the bills submitted were redacted. Appellee's attorney explained in detail that they were not seeking payment for the portions that were redacted and only submitted portions of the bill that evinced the time devoted to resolve the discovery dispute. He added, that in some cases, the description included in support of an entry, described matters that had nothing to do with the request for attorney's fees or the postponement of the depositions. Thus, both the description and the time were redacted adjusted accordingly. Because appellants were not satisfied with the explanation, the bankruptcy court inquired as to how they wanted the court to address the disagreement. Among the options provided by the court were (i) that the parties be given some time to negotiate and reach an agreement, (ii) that appellants be granted more time to evaluate the matter, or (iii) that the court consider the entire bill at issue *in camera* and make a final determination. Appellants agreed that the court should confirm whether the redacted portions were relevant after an *in camera* inspection and determine the amount of attorney's fees that were reasonable. They urged the court to make a considerable reduction of the fees because of the legitimate controversy pertaining to the deadlines set by state court.

[10] In its motion, appellee submitted an unsworn declaration under penalty of perjury by Mr. Campbell, explaining in detail the additional travel expenses incurred by him in connection with the rescheduling of the depositions. In addition, it filed an unreacted copy of the invoice submitted by Rodríguez-Marxuach P.S.C to Caribbean for services rendered during the month of September, 2014, under the ex-parte restriction, for the court's consideration. The bankruptcy court granted the motion to restrict the unredacted invoices (Docket No. 54). Appellants never questioned the order.

by [Appellant] to [Appellee]" (Docket No. 81).  Appellants unsuccessfully moved for reconsideration, and this appeal followed.

## II.     DISCUSSION

The court has jurisdiction to hear appeals from "final judgments, order and decrees" of bankruptcy courts. 28 U.S.C. § 152 (a)(1). A bankruptcy court's order imposing sanctions is a final, appealable order where, as here, it resolves all of the issues pertaining to a discrete claim. MJS Las Croabas Properties, Inc., 545 B.R. 401, 417 (1st Cir. BAP 2016). The determination of attorney's fees allowed in bankruptcy cases rests within the sound discretion of the bankruptcy court.  In re Sullivan, 674 F.3d 65, 68 (1st Cir. 2012).  The exercise of that discretion will not be disturbed by an appellate court absent a showing that it was abused.  See, MJS Las Croabas Properties, Inc., 545 B.R. at 417 (noting that "[a] bankruptcy court's imposition of a sanction typically embodies a judgment call, and, thus, review is for abuse of discretion.")(internal citations omitted).

The abuse of discretion standard is quite deferential and not "appellant friendly." Id.  So the fee award will be set aside only if the sanctioned litigant shows the sanctioning court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them.  Id.  See also, Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008); Gay Officers Action Leave v. Puerto Rico, 274 F.3d 288, 292-293 (1st Cir. 2001).

First, appellants claim the bankruptcy court imposed attorney's fees in violation of due process of law because, in their view, the court based its decision on an *ex parte* submission and/or information filed under seal.  The court requested that a motion be filed in support of the request for attorney's fees, and appellee so filed.  Although the motion did not include the invoice of

appellee's attorney's firm detailing the time spent on the matter in question, in the reply appellee filed a redacted copy of the invoice submitted by its counsel for the month of September of 2014, showing the amount of time devoted to procure appellants' compliance with the discovery schedule set by state court.[11]

In the following status conference, appellee's counsel pointed out that tasks not included in the invoice were not related to securing appellants' compliance with the discovery schedule and appellee was not requesting the reimbursement for any of those unrelated tasks. As appellants were not satisfied with the explanation, the bankruptcy court inquired as to how they wanted the court to address the disagreement, providing them with the following options: that (i) the parties be given time to negotiate and reach an agreement; (ii) appellants be granted more time to evaluate the matter, or (iii) the court consider the entire unredacted version of the bill at issue *in camera* and make a final determination.

In the end, appellants agreed to the *in camera* inspection. And that is exactly what the bankruptcy court did. Thus, upon *in camera* consideration of the unredacted invoice submitted by appellee, the court entered an order authorizing the reimbursement of $7,630.00 in attorney's fees (which represented an adjusted amount). The contention that the court ordered reimbursement of attorney's fees relying on *ex parte* information not available to the appellants lacks merit. They were privy to what appellee requested and the factual grounds for the request.

Second, appellants allege attorney's fees are improper out of what they characterize as a good faith believe that there was no need to comply with the discovery schedule set in state court. But as part of the Notice of Removal, they acknowledged that (i) the debtor had appeared before

---

[11] The motion also included some receipts pertaining to the reimbursement of Mr. Campbell's additional expenses. However, since those are not questioned in the appeal, the court will limit its discussion to the attorney's fees issue.

the state court; (ii) the state court had entered a scheduling order that included the taking of depositions of the representatives of both parties; *and* (iii) these procedural matters were pending and would *continue* before the bankruptcy court (Docket No. 1-1, Section I at ¶ 11).[12] And if any question existed with respect to the validity of the discovery schedule (including the dates established for the taking of the depositions), it was clarified by the bankruptcy court at Docket No. 21, when it granted appellee's urgent motion requiring appellants to comply with the existing discovery schedule pending disposition of the adversary proceeding.

Finally, the bankruptcy court accommodated appellants' request to postpone the depositions, nonetheless stating that imposition of reasonable attorney's fees was appropriate. Albeit it did not make a specific finding regarding "vexatious" behavior, it is clear the court acted within its discretion in imposing attorney's fees on appellants for the time reasonably incurred by appellee in securing appellants' compliance with previous court orders and corresponding discovery obligations. The record shows no abuse of discretion, and appellants have demonstrated none. See, Fed.R.Civ.P. 37(a)(5)(C), applicable to adversary proceedings trough Federal Rule of Bankruptcy Proceeding 7037 (allowing the court to impose payment of reasonable attorney's fees to the prevailing party in a discovery dispute); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994)(the court need not find that the party or its counsel acted willfully or in bad faith before imposing Rule 37 sanctions, unless the sanction is dismissal of the complaint or entry of default judgment).

### III.   CONCLUSION

In view of the foregoing, the orders issued by the bankruptcy court are affirmed. Judgment

---

[12] Similarly, the discovery schedule was not strange to appellants. As they admit, the schedule was established by state court upon consultation of all parties - including them.

Blue Wave Tech Corp., *et al.* v. Caribbean Tower Sites, LLC
Civil No. 15-1312
Memorandum and Order
Page 8

shall be entered accordingly.

       **SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of September, 2016.

                                          s/Pedro A. Delgado-Hernández
                                          PEDRO A. DELGADO-HERNÁNDEZ
                                          United States District Judge

Case 3:15-cv-01312-PAD   Document 28   Filed 09/19/16   Page 8 of 8

Blue Wave Tech Corp., *et al.* v. Caribbean Tower Sites, LLC
Civil No. 15-1312
Memorandum and Order
Page 8